UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeremy Kerr,   Case No. 3:22-cv-1054

      Plaintiff

v.   ORDER

Keith Lenz, et al.,

      Defendants

On June 17, 2022, *pro se* Plaintiff Jeremy Kerr filed this *in forma pauperis* civil rights action against numerous Defendants. Plaintiff did not provide U.S. Marshal forms or summonses and copies to serve the Defendants. As such, I ordered Plaintiff to provide: (1) a copy of the Complaint for each Defendant, (2) two completed summonses for each Defendant named in the Complaint (that include the address at which each Defendant is to be served), and (3) one USM 285 process receipt and return for each Defendant within 30 days of the date of the Order ("Deficiency Order"). (Doc. No. 3). I also ordered Plaintiff to submit to the Court a "Notice of Compliance," indicating Plaintiff has complied with the Court's Order. (*Id.*).

I noted in the Deficiency Order that Plaintiff filed a lengthy 90-page complaint against 25 Defendants and provided Plaintiff an opportunity to amend his Complaint to streamline his claims into a more manageable document.

On August 1, 2022, Plaintiff filed a Notice of Partial Compliance, in which he reported that he had submitted the required summonses and U.S. Marshal forms as ordered. (Doc. No. 4). But Plaintiff indicated that, because he is indigent, he could not afford the cost associated with making

the requisite copies of the Complaint for each Defendant and he requested I order the Clerk to provide the copies.

Plaintiff's indigence and his status as a prisoner do not entitle him to any special privileges in pursuing litigation. Congress first enacted an *in forma pauperis* statute, which permits the Court to waive filing fees and costs for indigent individuals, "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). But proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). To the extent that Plaintiff seeks to use the Court staff as his personal assistant to mitigate the cost of his litigation, his request is improper. *Hammock v. Rogers*, No. 1:17-cv-1939, 2019 U.S. Dist. LEXIS 25153, at *10 (N.D. Ohio Feb. 15, 2019) (citing *Casby v. St. Charles Parish Sheriff's Office*, No. 14-1706, 2014 U.S. Dist. LEXIS 151665, at *4-*5 (E.D. La. Oct. 27, 2014) (denying a similar request under similar rules, because "[t]he law does not require that the court or the clerk of court provide [an indigent prisoner plaintiff] with any additional assistance in serving his … pleadings")). Neither the rules of the Court "nor the Constitution itself require any special consideration to allow [an indigent individual] to avoid the necessary and minimal expenses of litigating his case." *Casby* at *4 (citing *M.L.B. v. S.L.J.*, 519 U.S. 102, 114 (1996) and *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996)). The court is therefore not required to devote its limited resources to making copies for Plaintiff.

Accordingly, although I recognize that Plaintiff is an indigent prisoner proceeding *pro se*, he is not entitled to copies of his Complaint at the court's expense. *Hammock* at * 7 (citing *Arrington v. Scott*, No. 1:12-cv-529, 2013 U.S. Dist. LEXIS 39725, at *1-*2 (W.D. Mich. Jan. 7, 2013) (denying a *pro se* prisoner's request for free copies of several documents filed in his case, because "[i]ndigent civil litigants are not entitled to free copies but instead must bear their own litigation expenses")). Therefore, Plaintiff shall submit the required copies to the court as previously ordered within 21 days of the date of this Order. Should Plaintiff wish to streamline his claims into a more

manageable document, he may file an Amended Complaint within this time frame. As I stated previously, any Amended Complaint shall incorporate all allegations and claims against all of the parties in this case in one document that will replace the prior Complaint filed, thus rendering the prior Complaint null and void. I will review any Amended Complaint filed in accordance with 28 U.S.C. § 1915(e). Additionally, should Plaintiff choose to file an Amended Complaint, he must also file the required number of copies, summonses, and U.S. Marshal forms for service.

      Failure to comply with this Order may result in dismissal of this action without further notice for want of prosecution.

      So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge
