UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeremy Kerr,                                             Case No. 3:22-cv-1054

           Plaintiff

           v.                                                  MEMORANDUM OPINION
                                                                AND ORDER

Keith Lenz, et al.,

           Defendants

## I. INTRODUCTION

*Pro se* plaintiff Jeremy Kerr filed this *in forma pauperis* civil rights action against the following defendants: Keith Lenz; Edward L. Schimmel; Hizer & Schimmel; John Doe Hizer; Scott Bishop; Kathy Bishop ("Kathy"); Alan J. Lehenbauer; The McQuade Co., LLP; Colin McQuade; Daniel McQuade; Richard McQuade; Christopher Frasor; Carl Ireland; Frasor Ireland, LLP; Spitler Huffman, LLP; Robert Spitler; Rex Huffman; Diane Huffman; Daniel Spitler; Steven Spitler; Nathaniel Spitler; Mimi Yoon; James Grandowicz, Jr.; Dave Yost; and James Van Eerten. (Doc. No. 1).

Plaintiff's complaint concerns civil state court judgments entered against him in the Wood County Court of Common Pleas (*Lenz v. Kerr Building, Inc., et al.*, Case No. 2011CV0852 and *Lenz v. Kerr Building, Inc., et al.*, Case No. 2013CV0643) and the Henry County Court of Common Pleas (*Kerr Building, Inc. v. Bishop*, Case No. 2011CV0001). Plaintiff seeks declaratory judgment stating that the state court judgments are void. Plaintiff also seeks compensatory damages.

On June 17, 2022, Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2), which I grant by separate order.

On July 7, 2022, I ordered Plaintiff to provide the Court a copy of the complaint for each defendant, two completed summonses for each defendant, one USM 285 process receipt and return for each defendant, and a notice of compliance (*See* Doc. No. 3). The Court cautioned Plaintiff that the failure to comply with the Court's order may result in dismissal of the complaint. (*Id.*). Thereafter, Plaintiff filed the required summonses, USM 285 forms, 15 copies of the complaint, and two notices of partial compliance (Doc. Nos. 4 and 6). Although the number of copies falls short of the Court's Order, I will construe Plaintiff's responses as substantial compliance and will therefore review Plaintiff's complaint.

## II. BACKGROUND

Plaintiff states that in 2010, Kerr Buildings, Inc. ("Kerr Buildings") contracted with Scott Bishop to construct a steel building. It appears that a contract dispute arose between the parties, and Kerr Buildings filed a lawsuit against Bishop in the Henry County Court of Common Pleas (Case No. 2011CV0001). Bishop then filed a counterclaim against Kerr Buildings. Plaintiff "closed down the operations of" Kerr Buildings prior to trial and Kerr Buildings did not prosecute its case against Bishop. Bishop proceeded with his counterclaim, and in October 2012, he obtained a judgment against Kerr Buildings and Plaintiff individually in the amount of $79,648.00. Plaintiff alleges that this judgment is void because it was obtained fraudulently. He contends that Bishop, his wife, Kathy, and/or his attorney, Alan J. Lehenbauer, removed his official title as "President" of Kerr Buildings from various documents, and this change altered the contract with Bishop.

Plaintiff states that he had interests in two limited liability companies: BCD and BCP. Attempting to satisfy a portion of the Henry County judgment, Bishop filed a motion for a charging order, which would allow him to attach distribution of profits from those companies to which Plaintiff was entitled. Plaintiff alleges that Bishop, Kathy, and/or Lehenbauer engaged in ex parte

2

communications with the presiding judge with the intent to procure the charging order without Plaintiff's knowledge and in violation of his procedural due process rights. He contends this conduct rendered the charging order void.

Bishop also filed a motion for the appointment of a receiver. Plaintiff claims that he never received a copy of the motion. Plaintiff alleges that the order appointing receiver is void for being issued against non-party entities, BCD and BCP, and the order granted the receiver (Christopher Frasor) numerous powers never requested by Bishop, with the malicious intent to harm Plaintiff. According to the complaint, Bishop filed a motion for amended order to receiver, which the court granted, along with a "nunc pro tunc charging order." Plaintiff alleges that the nunc pro tunc charging order "nullified the order in the original charging order to proceed with execution sale of Plaintiff's interests in BCD and BCP." Plaintiff contends that his property on Marne Avenue was improperly included as a receivership asset.

Plaintiff further states that in 2010, Kerr Buildings contracted with Keith Lenz to construct a steel building. A contract dispute arose between the parties, and Lenz filed a lawsuit against Plaintiff and Kerr Buildings in the Wood County Court of Common Pleas (Case No. 2011CV0852). In July 2013, Lenz obtained a judgment against "Kerr Building, Inc." and Plaintiff jointly and severally in the amount of $234,670.00. The court denied Plaintiff's motion for relief from judgment. In November 2013, Lenz filed a certificate of judgment against "Kerr Building, Inc." Plaintiff alleges that the judgment against "Kerr Building, Inc." is void because that entity does not exist and Lenz failed to correct the name to the company's legal name of "Kerr Buildings, Inc." (Emphasis added.) Plaintiff also alleges that "Kerr Building, Inc." was not properly served, rendering the default judgment void. Plaintiff claims that Lenz's attorney, "Defendant Schimmel," procured the judgment against "Kerr Building, Inc." fraudulently by filing the action against the wrong party. Plaintiff also claims that the court lacked jurisdiction to allow Lenz to amend his complaint, and therefore, the judgment is void.

In 2013, Lenz filed a second lawsuit in the Wood County Court of Common Pleas alleging that Plaintiff and "Kerr Building" had fraudulently transferred real property to another of Plaintiff's business entities to avoid attachment of the judgment lien in the first lawsuit (Case No. 2013CV0643). The state court entered judgment in Lenz's favor, enjoining Plaintiff and his entities from transferring the property. It appears that in January 2014, Lenz filed a certificate of judgment against BCD, and in June 2019, Lenz filed another lien against Plaintiff and "Kerr Building." Plaintiff alleges that attorney Schimmel had knowledge that the first lien was dormant, and the second lien could not revive a dormant judgment.

Plaintiff contends that Schimmel knowingly misrepresented the 2019 judgment lien as valid with malicious purpose to harm Plaintiff "and to facilitate the goal of the enterprise/conspiracy." In December 2020, Frasor distributed the receivership estate to Lenz, Bishop, Kathy, Ireland, Frasor, and Schimmel (attorney fees). Plaintiff alleges that these defendants knew the funds were "stolen and/or wrongfully obtained" by Frasor. Plaintiff contends that he, as sole shareholder of BCD and BCP, was the rightful owner of the funds in the receivership.

In January 2021, Schimmel filed a motion to revive "Lenz's dormant judgment." The Wood County Court of Common Pleas found the judgment became dormant on November 18, 2018, and it ordered the judgment shall stand revived effective March 11, 2021. Plaintiff alleges, therefore, that Lenz had no right to enforce his judgment against Plaintiff and "Kerr Building, Inc."

Plaintiff additionally alleges that the Ohio Rev. Code § 2913.02 ("Theft") is unconstitutionally vague; the defendants engaged in a pattern of corrupt activity, in violation of Ohio Rev. Code § 2923.32 ("RICO"); and Frasor acted outside the scope of his authority as receiver when he continued his possession and control of BCP and BCD after the Henry County Court of Common Pleas removed the entities from the receivership estate in its amended order of April 2018. Finally, Plaintiff alleges the following state law claims: slander of title, abuse of process, unjust

4

enrichment, fraud, conversion, intentional infliction of emotional distress, negligence, and willful misconduct.

### III. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

5

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## IV. ANALYSIS

Plaintiff challenges several state court judgments obtained against him and asks this Court to revisit the judgments obtained in Wood County and Henry County.

To the extent Plaintiff is attacking the state court judgments and is seeking to be relieved of the consequences of the state court proceedings, the *Rooker-Feldman* doctrine bars my review. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was a violation of federal law. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987)), amended on other grounds 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16.

*Rooker-Feldman* does not, however, bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012). It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d at 299. Rather, the *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court

6

complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d at 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).

To determine whether *Rooker- Feldman* bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 310 (6th Cir. 2010). If the source of the plaintiff's injury is the state-court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008). In conducting this inquiry, the court should also consider the plaintiff's requested relief. *Evans v. Cordray*, 424 Fed. Appx. 537, 2011 WL 2149547, at *1 (6th Cir. 2011).

Here, the source of the injury for many of Plaintiff's claims are the state court judgments themselves. Plaintiff asks this Court to declare the judgments void. Pursuant to *Rooker-Feldman*, I lack jurisdiction to grant that relief.[1]

Additionally, Plaintiff appears to allege throughout his complaint independent claims that the state court judgments were procured by certain defendants through fraud, misrepresentation, or other improper means. He also alleges a state statute is unconstitutionally vague and he asserts several state law claims, including RICO, slander, fraud, conversion, negligence, and intentional infliction of emotional distress. To the extent Plaintiff presents such independent claims that his injuries were caused by the defendants' alleged wrongdoing before the state court, res judicata bars these claims.

A Plaintiff cannot file an action in federal court to relitigate matters that were already decided in state court proceedings. Federal Courts must give the same preclusive effect to a state-

---

[1] This Court previously dismissed Plaintiff's complaint alleging that the charging order entered in the Henry County case was void on the grounds that review of the state court order was barred by the *Rooker-Feldman* doctrine. *See Kerr v. Collier*, No. 3:20-cv-01110, 2020 U.S. Dist. LEXIS 215162 (N.D. Ohio Nov. 16, 2020) (J. Helmick).

7

court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984).

In Ohio, the doctrine of res judicata encompasses two related concepts: (1) claim preclusion and (2) issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392, 2008-Ohio 6254, 899 N.E.2d 975 (2008). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382, 1995- Ohio 331, 653 N.E.2d 226 (1995). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.*

By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Id.* Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 1994 Ohio 358, 637 N.E.2d 917 (1994).

Here, Plaintiff claims that Defendants procured the state court judgments through fraud or other improper means, engaged in a pattern of corrupt activity in violation of Ohio's RICO statute, and engaged in conduct that constituted slander of title, abuse of process, unjust enrichment, fraud, conversion, intentional infliction of emotional distress, negligence, and willful misconduct. Plaintiff also claims that Frasor acted outside the scope of his authority as receiver and Ohio's theft statute is

8

unconstitutionally vague. All of these claims were either litigated previously in the Henry County action or the Wood County actions or could have been litigated in those state court proceedings. These claims are therefore barred by the doctrine of res judicata.

## V. CONCLUSION

Having considered and examined the *pro se* plaintiff's pleadings to determine their legal viability, I conclude that Plaintiff has failed to state a claim upon which relief may be granted. I am therefore dismissing this action pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge