UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeremy Kerr,  Case No. 3:22-cv-1054

    Plaintiff,

v.  MEMORANDUM OPINION
AND ORDER

Keith Lenz, *et al.*,

    Defendants.

## I. INTRODUCTION AND BACKGROUND

*Pro se* plaintiff Jeremy Kerr filed this *in forma pauperis* civil rights action against the following defendants: Keith Lenz; Edward L. Schimmel; Hizer & Schimmel; John Doe Hizer; Scott Bishop; Kathy Bishop ("Kathy"); Alan J. Lehenbauer; The McQuade Co., LLP; Colin McQuade; Daniel McQuade; Richard McQuade; Christopher Frasor; Carl Ireland; Frasor Ireland, LLP; Spitler Huffman, LLP; Robert Spitler; Rex Huffman; Diane Huffman; Daniel Spitler; Steven Spitler; Nathaniel Spitler; Mimi Yoon; James Grandowicz, Jr.; Dave Yost; and James Van Eerten. (Doc. No. 1).

Kerr's complaint concerns civil state court judgments entered against him in the Wood County Court of Common Pleas (*Lenz v. Kerr Building, Inc., et al.*, Case No. 2011CV0852 and *Lenz v. Kerr Building, Inc., et al.*, Case No. 2013CV0643) and the Henry County Court of Common Pleas (*Kerr Building, Inc. v. Bishop*, Case No. 2011CV0001). Kerr seeks a declaratory judgment stating that the state court judgments are void ab initio for a variety of reasons, including because they allegedly

were procured by fraud. (*See, e.g.,* Doc. No. 1 at 4, 40-54). He also asserts a variety of state law claims, including alleged violations of Ohio's Corrupt Activities Act and Ohio tort law.

I dismissed Kerr's claims pursuant to 28 U.S.C. § 1915(e) after concluding they were barred by the *Rooker-Feldman* doctrine and the doctrine of *res judicata*. (Doc. No. 9). Kerr filed a motion to alter or amend those rulings pursuant to Rule 59(e). (Doc. No. 11). He also filed a document titled "request to take notice," which contains additional argument in support of his Rule 59(e) motion based upon Judge Sutton's concurrence in *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397 (6th Cir. 2020).

## II. DISCUSSION

Rule 59(e) states that a party must file a motion to alter or amend a judgment within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e). The party filing a Rule 59(e) motion must demonstrate there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006).

Kerr argues I made a clear error of law by applying the *Rooker-Feldman* doctrine and concluding this court lacks subject matter jurisdiction over his claims. According to Kerr, he has disclaimed any argument that the state-court judgments violate the Constitution or federal law and, therefore, he should be permitted to proceed. (Doc. No. 11 at 2). He further argues that I should adopt Judge Sutton's advice in his concurring opinion in *Vanderkodde* and conclude that I, like "too many [other] district courts [have] erroneously appl[ied] *Rooker-Feldman* to properly presented federal issues." (Doc. No. 12 at 1)

Kerr cites extensively to *Vanderkodde* but ignores the most relevant part:

> The *Rooker* side of things had what seemed to be a humble start in 1923. The Supreme Court dismissed a federal lawsuit seeking to "declare" a state trial court judgment "null and void" after it had already been affirmed by the state's supreme court. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414[ 1923] . . . . The brisk, unanimous

2

> opinion turned on a section of the Judicial Code, now located at 28 U.S.C. § 1257, that permits only the United States Supreme Court to review appeals from state supreme courts. *Id.* at 416, 44 S.Ct. 149. That was right – not because of comity concerns or any new doctrine that limited the jurisdiction of the federal courts but because only the United States Supreme Court, not federal district courts, may entertain appeals from final judgments of the state courts. 28 U.S.C. § 1257.

*VanderKodde*, 951 F.3d at 405 (6th Cir. 2020) (Sutton, J., concurring).

This is exactly the type of relief Kerr seeks – he argues the state courts got it wrong, and I should correct their errors by declaring their rulings to be void. Kerr already raised this argument and his disagreement with my decision does not rise to the level of a clear error of law, as "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). I deny Kerr's motion on this basis.

Kerr also argues I "erred in applying res judicata [sua] sponte," because it is listed as an affirmative defense in Rule 8(c). (Doc. No. 11 at 2). But § 1915 states that when a plaintiff is authorized to proceed with a case without prepaying the civil filing fee, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). That statute requires me to review complaints filed by plaintiffs like Kerr who are proceeding *pro se* and *in forma pauperis*, and Congress may create exceptions to individual Federal Rules of Civil Procedure like Rule 8 by enacting federal statutes like § 1915(e) "overriding it in certain instances." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010). Kerr's argument is not persuasive, and I deny his motion on this basis as well.

### III. CONCLUSION

For the reasons stated above, I deny Kerr's Rule 59 motion. (Doc. No. 11). Further, I reaffirm my earlier certification, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge